**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ZULAN MARGARETH ROJAS MITECHELL,

      *Petitioner,*

v.                                                                        Case No. 3:26-cv-745-WWB-MCR

MARKWAYNE MULLIN, et al.,

      *Respondents.*
_____/

## ORDER

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("**ICE**"), filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging that her mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("**INA**").  (Doc. 1 at 9).   Petitioner contends she should be detained under 8 U.S.C. § 1226(a) and requests, *inter alia*, that the Court order her immediate release.  (*Id.* at 13).

The Federal Respondents filed a response conceding that Petitioner is entitled to relief on this claim based on the Eleventh Circuit Court of Appeals' opinion in *Alvarez v. Warden*, --- F. 4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026).  (Doc. 8).

In *Alvarez*, the Eleventh Circuit concluded that "[t]he text of § 1225(b)(2)(A) is clear that mandatory detention applies only to a narrower category of applicants for admission: those seeking lawful entry into the United States" and does not apply to "present aliens not seeking admission."  *Id.* at *13.  The court agreed with the petitioners' interpretation

that § 1225(b)(2)(A) applies to a "distinct group of aliens—those who have not yet entered the United States, but are seeking admission at the border". . . "whereas § 1226 applies to aliens unlawfully in the interior." *Id.* at *14, 18.

Here, it is uncontested that Petitioner entered the United States in July 2024, has resided in central Florida since March 2025, and ICE detained Petitioner in Osceola County, Florida. (Doc. 1 at 2). As such, considering the opinion in *Alvarez* and Federal Respondents' concession, the Court grants Petitioner's claim that her mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[1]

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

---

[1] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

1. The Petition (Doc. 1) is **GRANTED** as to Petitioner's claim that her detention under 8 U.S.C. § 1225(b)(2)(A) violates the INA.[2]  Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.  If Respondents release Petitioner, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

2. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:    counsel of record

---

[2] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief.  *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).